**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE GALLIMORT,

    Plaintiff,

v.

PAROLE COMMISSIONER T. HANEBECK et al.,

    Defendants.

2:15-cv-348-JCM-PAL

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada department of corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.[1] (ECF No. 1, 1-1, 3, 4). The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by

---

[1] Plaintiff's application to proceed *in forma pauperis* is complete when looking at multiple docket entries. (*See* ECF No. 1, 3, 4).

a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

In the complaint, plaintiff sues multiple defendants for events that took place while plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1). Plaintiff sues defendants T. Hanebeck (parole commissioner), T. Bass (parole commissioner), Y. Morales (parole commissioner), T. Goodson (parole commissioner), M. Veith (parole commissioner), C. Bisbee (parole commissioner), D. Salling (parole commissioner), Tony Corda (parole commissioner), Susan Jackson (parole commissioner), Adam Endel (parole commissioner), Maurice Silva (parole commissioner), and Ed Gray Jr. (parole commissioner). (2-4). Plaintiff alleges two counts and seeks monetary damages and the grant of parole on all convicted counts. (*Id.* at 14, 19).

The complaint alleges the following: Three different parole boards have denied plaintiff parole even though he has participated in programs and education. (*Id.* at 6-8). These three boards violated plaintiff's Fifth, Eighth, and Fourteenth Amendment rights because they discriminated against him by granting other prisoners who participated in the same programs parole. (*Id.*). Additionally, the parole commissioners have stated that plaintiff was a violent person even though he has proven rehabilitation. (*Id.* at 10). The commissioners used sexual assault on the victim but plaintiff asserts that he was only convicted of first degree kidnapping

3

1  without proof of battery.  (*Id.*).  Plaintiff argues that the commissioners grant celebrity
2  prisoners, such as O.J. Simpson, parole on their first try.  (*Id.* at 12).  Plaintiff also argues that
3  he had been transferred to the prison prior to his sentencing because the county jail had been
4  full.  (*Id.* at 14).

5  The Supreme Court has held that a prisoner in state custody cannot use a § 1983
6  action to challenge "the fact or duration of his confinement," but instead must seek federal
7  habeas corpus relief or the appropriate state relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 78
8  (2005).  In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred
9  (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter
10 the target of the prisoner's suit (state conduct leading to conviction or internal prison
11 proceedings)--if success in that action would necessarily demonstrate the invalidity of
12 confinement or its duration.  *Id*. at 81-82.

13 The Ninth Circuit has held that "a challenge to the procedures used in the denial of
14 parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's
15 continuing confinement."  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).  "This is true
16 whether that denial is alleged to be improper based upon procedural defects in the parole
17 hearing or upon allegations that parole was improperly denied on the merits."  *Id*.  The Ninth
18 Circuit has held that prisoners' claims that are based on the "deceit and bias" on the part of
19 the decision makers and allege that their prolonged incarcerations are due to the purported
20 bias of state officials imply the invalidity of the prisoners' confinement.  *McQuillion v.*
21 *Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004).

22 In this case, plaintiff is attempting to invalidate his confinement by challenging the
23 procedures and decisions the parole commissioners used to deny him parole.  As such, the
24 court dismisses this case in its entirety, with prejudice, as amendment would be futile.

25 **III.    CONCLUSION**

26 For the foregoing reasons, IT IS ORDERED that plaintiff's application to proceed *in*
27 *forma pauperis* (ECF No. 3, 4) without having to prepay the full filing fee is **GRANTED**.
28 Plaintiff shall **not** be required to pay an initial installment fee.  Nevertheless, the full filing fee

shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada department of corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Jose Gallimort, #56977** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the clerk of the court shall file the complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the complaint is dismissed in its entirety, with prejudice, as amendment would be futile, for failure to state a claim.

**IT IS FURTHER ORDERED** that this court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

DATED: June 22, 2015.

_____
United States District Judge